# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:06-MC-1

| | | |
|---|---|---|
| IN THE MATTER OF DUANE M. HAMELINK | ) ) ) ) | ORDER |

This matter is before the Court upon the Motion to Quash of Attorney Elise McLurkin, (file doc. 1), filed on March 29, 2006. For the reasons set forth below, this Motion will be **granted** in part, and **denied** in part.

The subpoena was issued to Attorney McLurkin by Special Agent Delong of the Internal Revenue Service. It seeks documents in connection with the criminal investigation of Duane M. Hamelink. The documents are to be produced on April 2, 2006, at 9:00 a.m.[1] The types of documents to be produced are records and books of account relative to the financial transactions of a group of twenty-four individuals and businesses, or so it appears from the subpoena. The subpoena states that the term "records" should include, but not be limited to a specific listed transaction, which appears to be a real estate transaction. It further provides that the term "records" includes financial documents relating to the sale; mortgage records; records which indicate details of the sale such as location of property, dates of the real estate closing, etc.; correspondence with the group of individuals or businesses listed in the subpoena and correspondence with third parties involving those individuals or businesses; "memoranda, notes, files, or records relating to meetings or conversations concerning" the individuals or businesses; records and correspondence relating to legal fees paid and the nature of such legal services; and records relating to payments made on behalf of the individuals and businesses listed in the

---

[1] The Court notes that the subpoena requires the documents to be produced on April 2, 2006, a Sunday.

subpoena.

Attorney McLurkin seeks to have this subpoena quashed or modified to exclude documents protected by the attorney client privilege pursuant to Federal Rule of Civil Procedure 45. Rule 45 allows a court to quash or modify a subpoena where it "requires disclosure of privileged or other protected matter and no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). The privilege claimed here is that of the attorney and client. "The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn v. United States*, 449 U.S. 383, 389, 101 S. Ct. 677, 682, 66 L. Ed. 2d 584 (1981).

> When the attorney-client privilege applies, it affords confidential communications between lawyer and client complete protection from disclosure. However, because this privilege impedes the full and free discovery of the truth, it must be narrowly construed and recognized only to the very limited extent that excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth.

*In re: Grand Jury Subpoena*, 341 F.3d 331, 335 (4th Cir. 2003) (internal citations and quotations omitted). Generally, the privilege is waived when communications between an attorney and client are disclosed to a third party not embraced by the privilege. *See Hawkins v. Stables*, 148 F.3d 379, 384 n.4 (4th Cir. 1998).

Accordingly, this Court will limit the scope of the subpoena issued to Attorney McLurkin to exclude documents which she may legitimately assert a claim of attorney-client privilege. As explained in the above law, this does not include documents or notes which were sent to a third party or executed in the presence of a third party. However, it does include direct communications between Attorney McLurkin and her client, as well as her notes and memoranda

relating to her client which were not disclosed to third parties.

**IT IS THEREFORE ORDERED** that the Motion to Quash, (file doc. 1), is **GRANTED** in part and **DENIED** in part. The Motion is denied to the extent that Attorney McLurkin seeks to quash the entire subpoena, but is granted in that Attorney McLurkin shall not be required to produce documents legitimately protected by the attorney client privilege.

Signed: March 30, 2006

Richard L. Voorhees
Chief United States District Judge